Megan J. Crowhurst, OSB No. 132311
mcrowhurst@littler.com
Jacob Tokunaga, Prov. License No. T25122311
jtokunaga@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
Telephone:   503.221.0309
Facsimile:   503.242.2457

Attorneys for Defendant, The Kroger Co., and
Fred Meyer Stores, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TATIANA PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO., doing business as FRED MEYER STORES, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP<br><br>28 U.S.C. §§ 1331, 1332(A), 1441, 1446(C) |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant The Kroger Co.[1] hereby

removes the above-entitled action from the Circuit Court of the State of Oregon for the County of

Washington ("Washington County Circuit Court") to the United States District Court for the

District of Oregon, Portland Division ("District of Oregon"). Defendant removes this case based

---

[1] In her Complaint and First Amended Complaint, neither of which Plaintiff effectively served upon Defendant, Plaintiff misidentifies Defendant as "The Kroger Co., doing business as Fred Meyer Stores, Inc." Plaintiff was employed by Fred Meyer Stores, Inc., which is a legal entity separate and apart from The Kroger Co. and is the proper defendant to this lawsuit. *See* Corporate Disclosure Statement; Declaration of Kaylin Schlesser in Support of Notice of Removal ("Schlesser Decl.") ¶¶ 2–3; Declaration of Megan J. Crowhurst ("Crowhurst Decl.") ¶ 3.

PAGE 1 – NOTICE OF REMOVAL

on federal question and diversity jurisdiction.

## **PROCEDURAL BACKGROUND**

On November 28, 2025, Plaintiff filed a Complaint (Pro Se) and Summons in the Washington County Circuit Court. Crowhurst Decl. ¶¶ 4-5; Ex. A, Compl., ¶ 5, Claims for Relief; Ex. B, Summons, Nov. 28, 2025. Plaintiff's Complaint alleges claims under the Oregon Revised Statutes ("ORS") Chapter 659A only. *Id.* Plaintiff attempted to serve her Complaint by sending the Summons by publication (but not a copy of the Complaint) through the United Parcel Service to The Kroger Co.'s registered agent on December 22, 2025. Crowhurst Decl. ¶ 6, Ex. C, Notice of Service of Process, Dec. 24, 2025.

On January 7, 2026, Plaintiff filed her First Amended Complaint (Pro Se) in Washington County Circuit Court. Plaintiff served the Summons only to the First Amended Complaint through certified mail to The Kroger Co.'s registered agent on January 9, 2026. Crowhurst Decl. ¶¶ 7-9; Ex. D, First Amended Complaint; Ex. E, Summons, Jan. 8, 2026; Ex. F, Notice of Service, Jan. 12, 2026. Plaintiff's First Amended Complaint adds four federal claims under Title VII of the Civil Rights Act of 1964 ("Title VII"): Claim 1–Title VII: National Origin Discrimination (42 U.S.C. § 2000e-2); Claim 2–Title VII: Sex Discrimination (42 U.S.C. § 2000e-2); Claim 3–Title VII: Hostile Work Environment (based on national origin and/or sex) (42 U.S.C. § 2000e-2); and Claim 4–Title VII: Retaliation (42 U.S.C. § 2000e-3). Ex. D, First Am. Compl., ¶ 5B, Federal Law Claims.

In accordance with 28 U.S.C. § 1446(a), the Circuit Court Register of Actions is attached as Exhibit G. Crowhurst Decl. ¶ 10. The attached Exhibits A, B, D, and E comprise all papers Plaintiff filed with the state court in this matter, whether effectively served or not. *Id.*

PAGE 2 – NOTICE OF REMOVAL

## LEGAL STANDARD

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant merely needs to file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84, 135 S. Ct. 547, 550–51, 190 L. Ed. 2d 495 (2014).

## JURISDICTION

Pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(b), this Court has original jurisdiction over this matter. This Court has original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Under 28 U.S.C. § 1332(a)(1), this Court also has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

Accordingly, this action may be removed to this Court because (A) this case includes claims arising under United States federal law; and (B) the parties are citizens of different states and the sum of the matter in controversy exceeds $75,000. The Kroger Co. is the only named defendant and consents to removal.

## FEDERAL QUESTION

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter, because Plaintiff's First Amended Complaint includes claims arising under federal law, *i.e.*, Title VII. Crowhurst Decl. ¶ 7, Ex. D, First Am. Compl., ¶ 5B. Plaintiff's First Amended Complaint also alleges violations of state law under the Oregon Law Against Discrimination, ORS Chapter

PAGE 3 – NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

659A. *Id.* Section 5A. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

## DIVERSITY OF CITIZENSHIP

Plaintiff is an Oregon citizen. An individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside and intend to remain, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile "is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citations omitted). When this action commenced, and at all times relevant to the allegations in Plaintiff's First Amended Complaint, on information and belief, Plaintiff was, and is, a resident and citizen of the State of Oregon. Crowhurst Decl. ¶ 7, Ex. D, First Am. Compl., ¶ 1a.

Defendant is not an Oregon citizen. For diversity purposes, a corporation is a "citizen" both of the state in which it was organized and the state where it has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . And in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). At the time this action commenced, and as of the date of filing this Notice of Removal, The Kroger Co. is incorporated in Delaware and maintains its corporate headquarters and principal place of business in Ohio. *See* Def.'s Corp. Disclosure Statement. Therefore, Defendant is a citizen of Delaware and Ohio. Accordingly, complete diversity exists in this case, because the Plaintiff and Defendant are citizens of different States.

PAGE 4 – NOTICE OF REMOVAL

**AMOUNT IN CONTROVERSY**

In determining whether the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, under 28 U.S.C. § 1441(b), federal district courts are not confined by the amount of damages pled on the face of a complaint. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ("The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

Here, Plaintiff seeks damages in the form of lost wages, front pay, emotional distress and punitive damages, attorneys' fees (if applicable), and court costs, but provides no estimated amount of these damages. Crowhurst Decl. ¶ 7, Ex. D, First Am. Compl., ¶¶ 6-7. Plaintiff's employment ended on March 19, 2024. Schlesser Decl. ¶ 4. At the time her employment ended, Plaintiff was a full-time employee scheduled to work approximately 40 hours per week, earning $18.95 per hour. *Id.* at ¶ 5. Plaintiff earned approximately $52,150 from Fred Meyer in 2023, *Id.* at ¶ 6, which equates to approximately $4,346 per month. At the time of filing this Notice of Removal, Plaintiff's estimated lost wages to date are approximately $95,608 (*i.e.*, 22 months of earnings). In addition, this case likely will not be set for trial for another year. Therefore, absent any mitigation efforts, she is likely to incur an additional $52,150 in alleged lost wages before the time of trial. Although Defendant denies Plaintiff is entitled any award of back pay, to the extent litigation continues through trial, for purposes of the amount in controversy, Plaintiff's claimed lost wages alone will likely exceed the threshold.

PAGE 5 – NOTICE OF REMOVAL

These reasonable estimates of Plaintiff's economic damages satisfy the $75,000 jurisdictional amount and do not even factor in Plaintiff's additional categories of damages such as her claims for emotional distress and punitive damages. In evaluating the "amount in controversy" threshold, this Court should also consider the other damages sought. *See, e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240–43 (1943); *Fritsch,* 899 F.3d at 794 (Courts "must include all relief to which a plaintiff is entitled if the action succeeds" when assessing the value at stake); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming District Court's "conservatively estimated" 1:1 ratio of punitive damages to economic damages in upholding removal); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 946 (9th Cir. 2001) (potential for punitive damages may be included in determining the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") After adding the other forms of relief sought in Plaintiff's First Amended Complaint, the jurisdictional threshold here is certainly met.

## NOTICE OF REMOVAL IS TIMELY

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within 30 days after service on Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Defendant maintains that Plaintiff has failed to effectuate proper service on Defendant, as she served only the Summons to her Complaint on December 22, 2025 and only the Summons to her First Amended Complaint on January 9, 2025. Crowhurst Decl. ¶¶ 5, 8; Ex. C, Notice of Service of Process, Dec. 24, 2025; Ex. F, Notice of Service, Jan. 12, 2026. But even assuming service was proper, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1), as it is made within 30 days of receipt of a copy of the pleading, motion, order or other paper from

PAGE 6 – NOTICE OF REMOVAL

which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## REMOVAL TO THIS DISTRICT AND VENUE IS PROPER

Removal of the above-captioned state court action to this Court is appropriate. Pursuant to 28 U.S.C. § 1441(a), removal is proper as the District of Oregon, Portland Division is the district encompassing the place where the state court action is pending (Washington County Circuit Court). *See* LR 3-2(a)(1).

Defendant has good and sufficient defenses to this action and waive no defenses, jurisdictional or otherwise, by filing this Notice of Removal. If this Court is inclined to remand this action, Defendant requests the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument before any possible remand. Such a procedure is appropriate because a remand order would not be subject to appellate review.

## CONCLUSION

WHEREFORE, Defendant The Kroger Co. removes this civil action from the Washington County Circuit Court to the District of Oregon, Portland Division.

Dated: January 21, 2026

LITTLER MENDELSON, P.C.


By:     */s/ Megan J. Crowhurst*
Megan J. Crowhurst, OSB No. 132311
mcrowhurst@littler.com
Jacob Tokunaga, Prov. License No. T25122311
jtokunaga@littler.com

Attorneys for Defendant, The Kroger Co., and
Fred Meyer Stores, Inc.

PAGE 7 – NOTICE OF REMOVAL